Opinion delivered May 15, 1886.

[No. 3907.]

RILEY WARE AND GEORGE I. WILSON *v.* THE STATE.

SCIRE FACIAS.—JUDGMENT NISI is insufficient to support a final judgment forfeiting a bail bond or recognizance unless it recites that the same will be made final unless good cause be shown at the next term of the court why the principal did not appear.

ERROR from the District Court of Kerr. Tried below before the Hon. T. M. Paschal.

The writ of error in this case was prosecuted from a judgment final upon the bail bond of Riley Ware, held under an indictment for theft of a horse. The amount of the bond and judgment was twelve hundred dollars,

*Tarleton & Keller*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. It has been repeatedly held under the provisions of Article 441, Code of Criminal Procedure, that a judgment nisi is fatally defective, and will not sustain a judgment final, rendered upon a forfeited bail bond or recognizance, unless it states that the same will be made final unless good cause be shown at the next term of the court why the principal did not appear. (McIntyre v. The State, 19 Texas Ct. App., 443, and authorities cited therein.)

Tested by this rule, the judgment nisi in the present case is fatally defective, wherefore the final judgment as rendered in the court below is reversed and the cause remanded.

*Reversed and remanded.*